People v Mack (2021 NY Slip Op 01608)





People v Mack


2021 NY Slip Op 01608


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


253 KA 17-00688

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAJMIER M. MACK, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered November 7, 2016. The judgment convicted defendant upon a plea of guilty of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). As defendant contends and the People correctly concede, defendant's waiver of the right to appeal is invalid because Supreme Court provided defendant with erroneous information about the scope of the waiver, including characterizing the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 560-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The better practice is for the court to use the Model Colloquy, "which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). Nevertheless, the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court